IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Safeco Insurance Company of Indiana, | : | |
| | : | |
| Plaintiff, | : | Case No.: 1:18-cv-1675 |
| | : | |
| vs. | : | |
| | : | Judge: |
| Dean V. Graziolli | : | |
| | : | |
| And | : | |
| | : | |
| Melissa Yatsko, Co-Administrator of the Estate of Thomas Yatsko | : | |
| | : | |
| And | : | |
| | : | |
| Darian Allen, Co-Administrator of the Estate of Thomas Yatsko. | : | |
| | : | |

Defendants.

**COMPLAINT FOR DECLARATORY JUDGMENT**

By and through counsel, Plaintiff Safeco Insurance Company of Indiana ("Safeco") hereby brings the following Complaint for Declaratory Judgment against Dean V. Graziolli ("Sgt. Graziolli"); and Melissa Yatsko and Darian Allen ("the Administrators"), Co-Administrators of the Estate of Thomas Yatsko ("the Estate").

By way of overview, Safeco issued a homeowner's insurance policy to Sgt. Graziolli. Safeco seeks a declaration from the Court that, under that homeowner's policy, Safeco has (1) no duty to defend Sgt. Graziolli in an action initiated by the Administrators on behalf of the Estate and pending in this Court as *Yatsko v. Graziolli,* Case No. 1:18-cv-814 ("the Underlying Action"); and (2) no potential duty to indemnify Sgt. Graziolli for any judgment entered in the same. Safeco names the Administrators as defendants in this action solely because they are asserting claims on behalf of the Estate against Sgt. Graziolli, and the resolution of this matter

will determine whether they on behalf of the Estate are eventually able to collect form Safeco any judgment which may be entered against Sgt. Graziolli.

## The Parties and Jurisdiction

1. Safeco Insurance Company of Indiana ("Safeco") is a corporation organized under laws of the State of Indiana and maintaining its principal place of business at 175 Berkeley Street, Boston, Massachusetts.

2. Dean V. Graziolli ("Sgt. Graziolli") is a resident and citizen of the State of Ohio and a named defendant in the Underlying Action.

3. Melissa Yatsko and Darian Allen ("the Administrators") are residents and citizens of the State of Ohio and are Co-Administrators for the Estate of Thomas Yatsko ("the Estate"), duly appointed by the Probate Court of Cuyahoga County, Ohio.

4. This Court has personal jurisdiction over Sgt. Graziolli and the Administrators based on their presence within the jurisdiction of the Court and as parties in the Underlying Action.

5. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §1332, for the amount in controversy in this action exceeds the sum of $75,000, exclusive of costs and interest, and this action is between citizens of different states.

6. This Court has the power to grant the relief sought in this action pursuant to 28 U.S.C. §2201.

## Factual Background -- The Underlying Complaint Against Sgt. Graziolli

7. On April 10, 2018, the Administrators initiated the Underlying Action against Sgt. Graziolli; the City of Cleveland; MRN Investments Limited Partnership; MRN Investments Limited Partnership II; MRN Investments Limited Partnership III; MRN Group, LLC; MRN

Investment Group, LLC; MRN Enterprises, LLC; MRN Development Corporation; Corner Alley, LLC; Corner Alley Uptown, LLC; and Corner Alley Fourth Limited Partnership. (The seven MRN entities are collectively identified herein as "MRN," and the three Corner Alley entities as "Corner Alley.")

8. A copy of the Plaintiffs' Complaint in the Underlying Action is attached as Exhibit A.

9. The Underlying Complaint alleges that on January 13-14, 2018, Sgt. Graziolli was a police sergeant for the City of Cleveland.

10. The Underlying Complaint alleges, "On January 13-14, 2018, Sgt. Graziolli was employed by the City of Cleveland and by Defendants MRN and Corner Alley acting under the color of law and within the course and scope of his employment and/or agency or apparent agency with Defendants City of Cleveland, MRN and Corner Alley."

11. The Underlying Complaint alleges, "At all relevant times on January 13-14, 2018, [Sgt.] Graziolli was working security for and employed by Defendants MRN and Corner Alley," and that Sgt. Graziolli "was performing his duties on behalf of, in furtherance of, at the behest of, and subject to the direction and right of control of Defendants MRN and Corner Alley."

12. The Underlying Complaint alleges, "At all times relevant on January 13-14, 2018, Defendant Graziolli was acting under color of law as a City of Cleveland police officer and Sergeant."

13. In response to the Underlying Complaint, Sgt. Graziolli has admitted that at the time of the events described, he "was working special duty at the Corner Alley Uptown * * * and was acting under color of law and within the course and scope of his employment with the Defendant City [of Cleveland]."

14. The Underlying Complaint alleges that, at some point on January 13-14, 2018, employees of MRN and Corner Alley, including Sgt. Graziolli, escorted Thomas Yatsko outside from the Corner Alley Uptown bar.

15. The Underlying Complaint alleges that, thereafter, Sgt. Graziolli "brandished his Cleveland Police Department-issued service weapon and pointed it at Thomas Yatsko."

16. The Underlying Complaint alleges, "Upon information and belief, Defendant Graziolli and Thomas [Yatsko] got into a physical altercation during which each of them attempted to strike the other."

17. The Underlying Complaint alleges that Sgt. Graziolli shot Mr. Yatsko twice, causing Mr. Yatsko's death.

18. The Underlying Complaint alleges that Sgt. Graziolli "represented himself as a Cleveland police office and acted under the color of law including, but not limited to, the following:

   a. Defendant Graziolli announced that he was a Cleveland police officer multiple times;

   b. Defendant Graziolli used a firearm issued by the City of Cleveland for use by Sergeant Graziolli as a Cleveland police officer;

   c. Defendant Graziolli was wearing a City of Cleveland police officer's uniform and badge; and

   d. Defendant seized Thomas Yatsko's movement pursuant to his authority and/or apparent authority to do so as a police officer."

19. The Underlying Complaint alleges that Sgt. Graziolli "acting under the color of law, used unnecessary, unreasonable, outrageous, and excessive force, including deadly force, on

Thomas Yatsko in violation of Mr. Yatsko's clearly established rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution."

20. The Underlying Complaint alleges that Sgt. Graziolli engaged in "willful, reckless, unjustifiable, and malicious conduct."

21. The Underlying Complaint alleges that Sgt. Graziolli "intentionally and without permission or privilege" physically injured Mr. Yatsko.

22. The Underlying Complaint alleges that this injury occurred while Sgt. Graziolli "was acting within the course, scope and in furtherance of his employment with Defendants MRN and/or Corner Alley" and while he was "acting under color of law and within the scope of his employment and/or his official duties as a police officer employed by the City of Cleveland."

23. The Underlying Complaint alleges that Sgt. Graziolli "assaulted and battered Thomas Yatsko with malicious purpose and/or in a reckless or wanton manner."

24. The Underlying Complaint alleges that Sgt. Graziolli "either intended to cause emotional distress or knew or should have known that his actions would result in severe emotional distress to Thomas Yatsko" and that this behavior "was so extreme and outrageous as to go beyond all possible bounds of decency and was utterly intolerable in a civilized society."

25. Based on these allegations, the Administrators have asserted against Sgt. Graziolli claims for (1) violation of 42 U.S.C. § 1983; (2) assault and battery; and (3) intentional infliction of emotional distress.

26. Based on these allegations, the Administrators seek to recover from Sgt. Graziolli both compensatory and punitive damages.

27. In January 2018, Sgt. Graziolli was older than 23 years old.

28. At the time of the events described in the Underlying Action, Sgt. Graziolli was a full-time, part-time or occasional employee of the City of Cleveland Police Department.

29. At the time of the events described in the Underlying Action, Sgt. Graziolli was a full-time, part-time or occasional employee of one or more entities or persons other than the City of Cleveland, including himself, for purposes of providing security at the Corner Alley Uptown bar and/or other locations.

30. In his employment for the City of Cleveland, Sgt. Graziolli earned more than $3,000 between May 18, 2016 and May 17, 2017, inclusive.

31. In his employment in connection with providing security at the Corner Alley Uptown bar and all other locations for employers other than the City of Cleveland, including himself, Sgt. Graziolli made more than $3,000, collectively, between the months of May 2016 and April 2017.

**Factual Background – Sgt. Graziolli Requests Coverage From Safeco**

32. Safeco issued a homeowner's policy of insurance to Sgt. Graziolli bearing policy number OK5308888 (the "Policy").

33. A certified copy of the Policy, which has been Bates-labeled for identification purposes only, is attached as Exhibit B.

34. Sgt. Graziolli has requested that Safeco defend and, if necessary, indemnify Sgt. Graziolli in connection with the causes of action the Administrators have asserted against him.

**Factual Background – The Policy's Personal Liability Coverage Provisions**

35. The Policy was in effect for a policy period of May 18, 2017 to May 18, 2018.

36. Sgt. Graziolli is a named insured under the Policy.

37. In Section II – Liability Coverages, the Policy provides Coverage E – Personal Liability coverage in pertinent part as follows:

> If a claim is made or a suit is brought against any insured for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:
>
> 1. pay up to our limit of liability for the damages for which the "insured" is legally liable; and
>
> 2. provide a defense at our expense by counsel of our choice, even if the allegations are groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the "occurrence" equals our limit of liability.

(Ex. B, p. SAF 00031.)

38. The Policy defines "[o]ccurrence" in pertinent part as "an accident, including exposure to conditions which results in (1) 'bodily injury'; or (2) 'property damage'; during the policy period." (Ex. B, p. SAF 00042.)

**Factual Background – The Policy's Personal Liability Exclusions**

39. Pursuant to Exclusion (1)(a) in pertinent part as it relates to Coverage E – Personal Liability coverage, the Policy does not apply to "bodily injury":

> which is expected or intended by any "insured" or which is the foreseeable result of an act or omission intended by any "insured";
>
> This exclusion applies even if:
>
> (1) such "bodily injury" or "property damage" is of a different kind or degree than expected or intended; or
>
> (2) such "bodily injury" or "property damage" is sustained by a different person, or persons, than expected or intended.

7

> This exclusion does not apply to "bodily injury" resulting from the use of reasonable force by any "insured" to protect persons or property.

(Ex. B, p. SAF 00032.)

40. Pursuant to Exclusion 1(b) as it relates to Coverage E – Personal Liability coverage, the Policy does not apply to "bodily injury":

> which results from violation of criminal law committed by, or with the knowledge or consent of any "insured."
>
> This exclusion applies whether or not any "insured" is charged or convicted of a violation of criminal law, or local or municipal ordinance.

(Ex. B, p. SAF 000032.)

41. Pursuant to Exclusion 1(c) in pertinent part as it relates to Coverage E – Personal Liability coverage, the Policy does not apply to "bodily injury":

> arising out of "business" pursuits of any "insured."
>
> This exclusion does not apply to:
>
> (1) activities which are ordinarily incident to non-"business" pursuits[.]

(Ex. B, p. SAF 000032.)

42. The Policy defines "[b]usiness" to mean:

> a trade, profession or occupation engaged in on a full-time, part-time or occasional basis, or any other activity, including civic or public, engaged in for money or other compensation, except for the following:
>
> (1) One or more activities, not described in (2) below, for which no "insured" receives more than $3,000 in total compensation for the 12 months before the beginning of the policy period; and
>
> (2) volunteer activities for which no money or other compensation is received other than for expenses incurred to perform the activity.

(Ex. B, p. SAF 00041.)

8

43. Pursuant to Exclusion 1(d) as it relates to Coverage E – Personal Liability coverage, the Policy does not apply to "bodily injury" "arising out of the rendering or failing to render professional services." (Ex. B, p. SAF 00032.)

44. Prior to Exclusion 1(k) as it relates to Coverage E – Personal Liability coverage, the Policy does not apply to "bodily injury" "arising out of physical or mental abuse, sexual molestation or sexual harassment." (Ex. B, p. SAF 000034.)

**Factual Background – The Policy's Personal Offense Coverage and Exclusions**

45. The Policy provides certain coverages "for damages resulting from an offense defined under 'personal offense' and to which this coverage applies[.]" (Ex. B, p. SAF 00059.)

46. The Policy defines "personal offense" to mean "injury arising out of one or more of the following offenses:

   (1)   false arrest, detention or imprisonment;

   (2)   malicious prosecution;

   (3)   wrongful eviction or wrongful entry;

   (4)   oral or written publication, in any manner, of material that slanders, libels or defames the character of a person, which occurs in any manner; or

   (5)   invasion of privacy, which occurs in any manner.

(Ex. B, p. SAF 00061.)

47. Pursuant to Exclusion (a) as it relates to "personal offense" coverage, the Policy does not apply to "personal offense" "caused by or at the direction of an 'insured' with the knowledge that the act would violate the rights of another and would be a 'personal offense.'" (Ex. B, p. SAF 00059.)

48. Pursuant to Exclusion (d) as it relates to "personal offense" coverage, the Policy does not apply to "personal offense" "arising out of a criminal act committed by, at the direction

9

of, or with the cooperation of an 'insured' knowing of the criminal nature." (Ex. B, p. SAF 00059.)

49. Pursuant to Exclusion (g) as it relates in pertinent part to "personal offense" coverage, the Policy does not apply to "personal offense" "arising out of or in connection with a 'business' conducted by an 'insured.'" (Ex. B, p. SAF 00059.)

50. Pursuant to Exclusion (h) as it relates to "personal offense" coverage, the Policy does not apply to "personal offense" "arising out of civic or public activities performed for pay by an 'insured.'" (Ex. B, p. SAF 00059.)

## Count I – Declaratory Judgment – Safeco has no duty to defend Sgt. Graziolli in the Underlying Action

51. Safeco incorporates herein by reference the allegations of the preceding paragraphs as if re-written in full.

52. An actual controversy exists regarding whether Safeco has a duty to defend Sgt. Graziolli in the Underlying Action.

53. Safeco has no duty to defend Sgt. Graziolli in the Underlying Action, because the Underlying Action does not allege that the "bodily injury" Mr. Yatsko suffered was caused by an "occurrence" as defined by the Policy.

54. Safeco has no duty to defend Sgt. Graziolli in the Underlying Action, because even if the Underlying Action does allege that Mr. Yatsko suffered "bodily injury" caused by an "occurrence" under the Policy, Exclusion (1)(a) excludes said "bodily injury" from coverage.

55. Safeco has no duty to defend Sgt. Graziolli in the Underlying Action, because even if the Underlying Action does allege that Mr. Yatsko suffered "bodily injury" caused by an "occurrence" under the Policy, Exclusion (1)(b) excludes said "bodily injury" from coverage.

56. Safeco has no duty to defend Sgt. Graziolli in the Underlying Action, because even if the Underlying Action does allege that Mr. Yatsko suffered "bodily injury" caused by an "occurrence" under the Policy, Exclusion (1)(c) excludes said "bodily injury" from coverage.

57. Safeco has no duty to defend Sgt. Graziolli in the Underlying Action, because even if the Underlying Action does allege that Mr. Yatsko suffered "bodily injury" caused by an "occurrence" under the Policy, Exclusion (1)(d) excludes said "bodily injury" from coverage.

58. Safeco has no duty to defend Sgt. Graziolli in the Underlying Action, because even if the Underlying Action does allege that Mr. Yatsko suffered "bodily injury" caused by an "occurrence" under the Policy, Exclusion (1)(k) excludes said "bodily injury" from coverage.

59. Safeco has no duty to defend Sgt. Graziolli in the Underlying Action, because the Underlying Action does not allege that Mr. Yatsko suffered an offense defined as a "personal offense."

60. Safeco has no duty to defend Sgt. Graziolli in the Underlying Action, because even if Mr. Yatsko did suffer an offense defined as a "personal offense," "personal offense" coverage Exclusion (a) excludes said "personal offense" from coverage.

61. Safeco has no duty to defend Sgt. Graziolli in the Underlying Action, because even if Mr. Yatsko did suffer an offense defined as a "personal offense," "personal offense" coverage Exclusion (d) excludes said "personal offense" from coverage.

62. Safeco has no duty to defend Sgt. Graziolli in the Underlying Action, because even if Mr. Yatsko did suffer an offense defined as a "personal offense," "personal offense" coverage Exclusion (g) excludes said "personal offense" from coverage.

63. Safeco has no duty to defend Sgt. Graziolli in the Underlying Action, because even if Mr. Yatsko did suffer an offense defined as a "personal offense," "personal offense" coverage Exclusion (h) excludes said "personal offense" from coverage.

64. Safeco has no duty to defend Sgt. Graziolli in the Underlying Action, because Sgt. Graziolli is not entitled to a defense pursuant to the other terms, conditions, limitations and exclusions of the Policy.

65. Pursuant to 28 U.S.C. §2201, and for the foregoing reasons, Safeco hereby seeks a declaration from the Court that is has no duty to defend Sgt. Graziolli in the Underling Action.

## Count II – Declaratory Judgment – Safeco Has No Potential Duty To Indemnify Sgt. Graziolli in the Underlying Action

66. Safeco incorporates herein by reference the allegations of the preceding paragraphs as if re-written in full.

67. An actual controversy exists regarding whether Safeco has a potential duty to indemnify Sgt. Graziolli in the Underlying Action.

68. Safeco has no potential duty to indemnify Sgt. Graziolli in the Underlying Action, because the Underlying Action does not allege that the "bodily injury" Mr. Yatsko suffered was caused by an "occurrence" as defined by the Policy.

69. Safeco has no potential duty to indemnify Sgt. Graziolli in the Underlying Action, because even if the Underlying Action does allege that Mr. Yatsko suffered "bodily injury" caused by an "occurrence" under the Policy, Exclusion (1)(a) excludes said "bodily injury" from coverage.

70. Safeco has no potential duty to indemnify Sgt. Graziolli in the Underlying Action, because even if the Underlying Action does allege that Mr. Yatsko suffered "bodily injury"

caused by an "occurrence" under the Policy, Exclusion (1)(b) excludes said "bodily injury" from coverage.

71. Safeco has no potential duty to indemnify Sgt. Graziolli in the Underlying Action, because even if the Underlying Action does allege that Mr. Yatsko suffered "bodily injury" caused by an "occurrence" under the Policy, Exclusion (1)(c) excludes said "bodily injury" from coverage.

72. Safeco has no potential duty to indemnify Sgt. Graziolli in the Underlying Action, because even if the Underlying Action does allege that Mr. Yatsko suffered "bodily injury" caused by an "occurrence" under the Policy, Exclusion (1)(d) excludes said "bodily injury" from coverage.

73. Safeco has no potential duty to indemnify Sgt. Graziolli in the Underlying Action, because even if the Underlying Action does allege that Mr. Yatsko suffered "bodily injury" caused by an "occurrence" under the Policy, Exclusion (1)(k) excludes said "bodily injury" from coverage.

74. Safeco has no potential duty to indemnify Sgt. Graziolli in the Underlying Action, because the Underlying Action does not allege that Mr. Yatsko suffered an offense defined as a "personal offense."

75. Safeco has no potential duty to indemnify Sgt. Graziolli in the Underlying Action, because even if Mr. Yatsko did suffer an offense defined as a "personal offense," "personal offense" coverage Exclusion (a) excludes said "personal offense" from coverage.

76. Safeco has no potential duty to indemnify Sgt. Graziolli in the Underlying Action, because even if Mr. Yatsko did suffer an offense defined as a "personal offense," "personal offense" coverage Exclusion (d) excludes said "personal offense" from coverage.

77. Safeco has no potential duty to indemnify Sgt. Graziolli in the Underlying Action, because even if Mr. Yatsko did suffer an offense defined as a "personal offense," "personal offense" coverage Exclusion (g) excludes said "personal offense" from coverage.

78. Safeco has no potential duty to indemnify Sgt. Graziolli in the Underlying Action, because even if Mr. Yatsko did suffer an offense defined as a "personal offense," "personal offense" coverage Exclusion (h) excludes said "personal offense" from coverage.

79. Safeco has no potential duty to indemnify Sgt. Graziolli in the Underlying Action, because Sgt. Graziolli is not entitled to a defense pursuant to the other terms, conditions, limitations and exclusions of the Policy.

80. Pursuant to 28 U.S.C. §2201, and for the foregoing reasons, Safeco hereby seeks a declaration from the Court that is has no potential duty to indemnify Sgt. Graziolli in the Underling Action.

**WHEREFORE**, Plaintiff Safeco Insurance Company of Indiana prays for the following relief from this Court:

(1) On Count I, a Declaration that it has no duty to defend Sgt. Graziolli in the Underlying Action;

(2) On Count II, a Declaration that it has no potential duty to indemnify Sgt. Graziolli in the Underlying Action; and

(3) Any other relief the Court deems appropriate.

Respectfully submitted,

*/s/ William M. Harter*
William M. Harter (0072874)
FROST BROWN TODD LLC
10 West Broad Street, Suite 2300
Columbus, Ohio 43215-3467
(614) 464-1211 / (614) 464-1737 - Facsimile
wharter@fbtlaw.com
*Attorney for Safeco Insurance Company of Indiana*